

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-84,820-01

**EX PARTE DAVID ERIC MOLINAR, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 999250-A IN THE 262ND DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault

and sentenced to ten years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction.

*Molinar v. State*, No. 14-08-00749-CR (Tex. App.—Houston [14th Dist.] July 22, 2010) (not

designated for publication).

Applicant contends that while housed at the Newton County Correctional Center (NCCC),

he placed his petition for discretionary review (PDR) in the mail system there on October 22, 2010. However, he contends that officials at NCCC failed to timely mail his PDR. The trial court made findings of fact and conclusions of law and recommended that we deny relief.

We believe that the record should be further developed. Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether mail logs from NCCC are available from October 2010 to November 2010, and, if so, whether Applicant placed his PDR in the mail system at NCCC on or before October 22, 2010. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.

Filed: April 27, 2016
Do not publish